[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10657

Non-Argument Calendar

_____

SHANTERIA B. COOKS,
as personal representative of the estate
of Dusharn Weems,

Plaintiff-Appellee,

*versus*

BRIAN KREMLER,
officer, individually,

Defendant-Appellant,

CITY OF TAMPA,

2                    Opinion of the Court                    23-10657

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-02570-MSS-SPF

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Dusharn Weems and an unidentified female passenger were driving in Tampa, Florida. A police officer observed Weems's driving, conducted a license plate inquiry, and discovered that the vehicle Weems was driving had been reported stolen. The officer followed Weems into a parking lot and activated his police lights. Weems eventually abandoned the car and ran away on foot.

About three minutes later, Officer Brian Kremler hit Weems with his police car and killed him. Exactly what transpired in those three minutes is disputed by the parties. Officer Kremler says he learned from dispatch that Weems was armed and dangerous. Officer Kremler also says that he did not intentionally run over Weems. Shanteria Cooks, representing Weems's estate, contends that Officer Kremler did not think that Weems was armed and that he intentionally struck Weems with his car to detain him.

Cooks says that if a jury believes her version of events, then Officer Kremler used excessive force in violation of the Fourth Amendment and wrongfully caused Weems's death in violation of Florida state law. Officer Kremler moved for summary judgment, arguing that a reasonable jury could not agree with Cooks and that he is, therefore, immune from suit under the federal qualified immunity doctrine and Florida's good-faith immunity statute.

The district court denied Officer Kremler's summary judgment motion after concluding that a jury needed to resolve multiple factual disputes. Namely, a jury needed to determine (1) whether Officer Kremler ever believed that Weems was armed and dangerous and (2) whether Officer Kremler intentionally struck Weems with the police vehicle. The district court likewise identified subsidiary factual issues that bear on the resolution of those two factual questions—e.g., what information was available to Officer Kremler about Weems, whether Officer Kremler slowed down or sped up his vehicle as he approached Weems, and whether Officer Kremler turned his vehicle toward or away from Weems in the moments leading up to the impact.

Officer Kremler filed an interlocutory appeal of the district court's order denying summary judgment on the grounds of qualified immunity. Although we generally are without jurisdiction to review a denial of summary judgment, there is an exception for orders denying qualified immunity. *See Mitchell v. Forsyth*, 472 U.S. 511 (1985). That exception is limited, however. We have interlocutory jurisdiction only when the appeal from a district court's

denial of qualified immunity presents a legal question. *See English v. City of Gainesville*, 75 F.4th 1151, 1155–56 (11th Cir. 2023). We have no authority to review the district court's view of the factual record alone. *See id.* So, if a district court denies qualified immunity only because it holds that there are genuine issues of material fact in need of jury resolution, we are without jurisdiction to hear an appeal from that order. *See id. See also Johnson v. Jones*, 515 U.S. 304, 313 (1995); *Cottrell v. Caldwell*, 85 F.3d 1480, 1484 (11th Cir. 1996).

Applying these standards, we lack jurisdiction over this appeal. Officer Kremler conceded at oral argument in the district court that he violated clearly established law if a jury credited Cooks's version of the facts; he simply disagreed that any reasonable jury could side with Cooks on the facts. In line with that concession, Officer Kremler's arguments to us are entirely record-based. That is, he asks us to overturn the district court's conclusion that a reasonable jury could rule in Cooks's favor on any of the factual disputes identified by the district court. Instead, he argues that the undisputed evidence reflects that "Weems posed a threat of serious physical harm to the officers as well as the public" and Kremler "did not intentionally strike Weems with his vehicle." He also asks us to exclude the testimony of an expert witness. These are not the kinds of questions that we can resolve on an interlocutory appeal.

The appeal is **DISMISSED** for lack of jurisdiction.